IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO.4:00-CR-260-Y(8) |
| | § | (CIVIL NO.4:04-CV-346-Y) |
| JOHN TURNER | § | |

ORDER PARTIALLY DENYING JOHN TURNER'S MOTION UNDER 28 U.S.C. § 2255, SCHEDULING HEARING ON REMAINING CLAIM, AND APPOINTING COUNSEL

Now pending before the Court is defendant John Turner's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence, as amended and supplemented, along with a memorandum in support of the amended motion, and a list of exhibits. As directed by the Court, the government filed a combined response to the motion under § 2255 and its amendment, accompanied by an appendix.[1] Turner then filed a document labeled a "Traverse," and later filed documents entitled "Undisputed Issues of Material Fact," and a "Supplemental Brief."

*Claims*

Turner claims that he received ineffective assistance of counsel at every stage of the proceedings, including at the plea and pre-trial process, at trial and sentencing, and on direct appeal, in the following particulars: (1) failure to advise Turner as to all facts and law relevant to his decision to plead not guilty; (2) failure to move to suppress evidence and failure to move to dismiss the indictment; (3) failure to investigate and

---

[1] The government did not contest the timeliness of the filing of the amended motion under 28 U.S.C. § 2255, so the Court has treated the amended motion as relating back to the date of the filing of the original motion for limitations purposes. The original motion, constructively filed on May 3, 2004, was filed within one year of the issuance of the denial of Turner's petition for writ of certiorari to the Supreme Court.

present exculpatory evidence and testimony at trial and failure to object to the "unlawful admission" of evidence by the prosecution; (4) failure to advise him of the facts and law relevant to his right to testify; (5) failure to object to improper argument by the prosecution; (6) failure to present evidence material to his sentencing and failure to object to "unlawful, false, and unreliable" evidence used to determine his sentence; (7) failure to move for appropriate downward departure; (8) failure of appellate counsel to investigate or present the strongest issues for direct appeal, and to preserve viable issues for collateral review; (9) prejudice resulting from the cumulative impact of multiple deficiencies during the pre-trial, plea, trial, sentencing, and direct appeal process;[2] and (10) an actual conflict of interest adversely affecting each counsel's performance.[3]

Turner states his ineffective-assistance-of-counsel claims in the motion and restates them in the same manner in the amended motion. In the amended motion, although Turner also includes allegations supportive of these ten grounds for relief under the headings "Claims Number One [through] Three," such allegations do not appear to state additional separate grounds for relief. Turner's separately filed 44 page[4] "memorandum in support,"

---

[2] Numbered out of sequence by Turner as ground ten.

[3] Numbered out of sequence by Turner as ground eleven.

[4] Turner numbered the pages of the amended motion through 22, and began his memorandum with page number 23 and continued numbering the pages of that document to page 67.

2

although inclusive of some briefing, actually contains an identical restatement of much of the material listed in the amended motion,[5] and contains several pages that are duplicative of pages earlier in the document.[6] In both his traverse and supplemental brief, Turner argues, under authority of *United States v. Booker*, 125 S.Ct. 738 (2005), *Blakely v. Washington,* 542 U.S. 296 (2004), and *Apprendi v. New Jersey,* 539 U.S. 466 (2000), that his sentence was improperly increased by the consideration of facts not charged in the indictment, submitted to a jury, or proved beyond a reasonable doubt.

*Overview*

Having carefully considered the § 2255 motion as amended and supplemented, the memorandum in support and exhibits, the government's response and exhibits, the other filings, the applicable law, and the records of this case, the Court concludes that all of Turner's grounds for relief under 28 U.S.C. § 2255, as amended and supplemented, save one, should be denied for the reasons stated in the government's response, and as set forth herein.  As to the claim of ineffective assistance of counsel based upon the allegation that counsel failed to advise Turner as to all facts and law relevant to his decision to plead not guilty, the Court will

---

[5]Memorandum in Support at pages 33-35, 41,and 50-52 is identical to  pages 14-16, 7-8, and 9-13 of the Amended Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255.

[6]Memorandum in Support at pages 41-42 is repetitive of pages 33-35; and at pages 57-60 is repetitive of pages 41, and 50-52.

3

schedule a hearing on that issue only and, pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings in the District Courts, the Court will appoint Turner counsel for the hearing.

*Analysis*

The now-familiar, two-pronged standard for review of ineffective-assistance-of-counsel claims was set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.[7]

The burden is upon the defendant to show that his counsel's representation fell below an objective standard of reasonableness by identifying acts or omissions of counsel "that are alleged not to have been the result of reasonable professional judgment."[8] A district court then determines whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[9] There is a strong presumption that the performance of counsel "falls within

---

[7] *Strickland,* 466 U.S. at 687.

[8] *Id.* at 690.

[9] *Id.*

4

the wide range of reasonable professional assistance."[10] A defendant must also affirmatively prove prejudice by showing that a particular error of counsel actually had an adverse effect on the defense, an adverse effect being shown, in turn, by demonstrating a "reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."[11] If a court can resolve the ineffectiveness inquiries on the basis of a lack of prejudice, it may do so.[12]

With regard to the claim that counsel was ineffective for failing to file a motion to suppress (claim 2-first part), contrary to this allegation, counsel filed a motion to suppress, and argued the merits of the motion in a hearing before this Court held on February 2, 2001. (Appendix to response to motion under 28 U.S.C. § 2255). With regard to claim 2 (second part) through claim 7, alleging that counsel failed to move to dismiss the indictment, failed to investigate and present exculpatory evidence at trial, failed to object to admission of certain evidence, failure to object to improper argument, failed to present evidence material at his sentencing, failed to object to evidence at sentencing, and failed to move for downward departure, Turner has not submitted

---

[10]*United States v. Samuels,* 59 F.3d 526, 529 (5th Cir. 1995); *see also King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir.), *cert den'd,* 489 U.S. 1093 (1989).

[11]*Strickland,* at 694 (general discussion at pp. 691-695).

[12]*Id.* at 697. The Supreme Court instructed:

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by defendant as a result of the alleged deficiencies. The object of an ineffective [ness] claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."

facts to support these allegations. Conclusory allegations are not sufficient to prove claims of ineffective assistance of counsel.[13]

Turner next contends that counsel failed to advise him of the facts and law relevant to his right to testify. Only a defendant, and not his counsel, can waive the well established right to testify.[14] Such waiver must be knowing and voluntary.[15] A defendant who argues that his attorney prevented him from testifying must still satisfy both prongs of *Strickland*.[16] But Turner does not contend that he asked counsel if he could testify or that counsel expressly kept him from testifying, rather he alleges only that if he had known more, he would have likely testified. Thus, he has not alleged specific facts that counsel was deficient in preventing him from testifying.

Alternatively, even assuming that Turner's allegations satisfy the deficiency prong on this claim, Turner has not demonstrated prejudice. Turner's allegation that he would have testified and

---

[13] *See Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir.2002)("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding")(quoting *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000)(assertion that counsel "failed to preserve error," with numerous citations to the record, rejected as conclusory)); *see also Barnard v. Collins,* 958 F.2d 634, 642 (5th Cir. 1992)("In the absence of a specific showing of how these alleged errors and omissions were constitu-tionally deficient, and how the prejudiced his right to a fair trial, we [can find] no merit to these [claims]."）

[14] *United States v. Harris*, 408 F.3d 186, 192 (5th Cir.), *cert. den'd,* 126 S.Ct. 297 (2005), *citing United States Mullins*, 315 F.3d 449, 452 (5th Cir. 2002), *reh'g en banc den'd,* 88 Fed. Appx. 53 (5th Cir. 2003), *cert. den'd,* 541 U.S. 1031 (2004).

[15] *Id.*

[16] *Id., citing Mullins*, 315 F.3d at 452 and *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir.2001).

6

"directly rebutted the allegations of the indictment and the prosecution's evidence," does not satisfy the prejudice prong.[17] Turner does not state what he would have testified to, or how that testimony could have provided any reasonable probability that the outcome of the trial would have been different. Furthermore, Turner would have been subject to rigorous cross-examination regarding his testimony. Turner has not shown that he was prejudiced by not testifying.

The *Strickland* analysis applies equally to claims of ineffective assistance of appellate counsel.[18] Satisfying the prejudice prong of Strickland in connection with a claim of ineffective assistance by appellate counsel requires more than a mere complaint about deficiencies in an appellate brief. An appellate counsel is not required to present frivolous arguments on appeal, or even to present all non-frivolous points that could have been raised.[19] To prevail on a claim of ineffective assistance by appellate counsel, a petitioner must identify with specificity all

---

[17] *See generally Sayre*, 238 F.3d at 635 ("[W]e observe that [defendant] Sayre's self-serving conclusory statement that his testimony would have resulted in an acquittal, standing alone, falls far short of satisfying Strickland's prejudice element. Neither here nor below has Sayre alleged anything further. Sayre fails, as he did below, to explain what his testimony would have been. Thus, we have no idea how this testimony could have made a different outcome reasonably probable.")

[18] *Amdaor v. Quarterman,* 458 F.3d 397, 411 (5th Cir. 2006), *petition for cert. filed* (U.S. Jan. 14, 2007)(No.06-9036), *citing Mayabb v. Johnson*, 168 F.3d 863, 869 (5th Cir.1999), *cert. den'd,* 528 U.S. 969 (1999) and *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

[19] *See Williams v. Collins*, 16 F.3d 626, 635 (5th Cir.)(holding that a federal habeas petitioner's claim of ineffective assistance by appellate counsel failed to satisfy the prejudice prong of Strickland where all of the omitted grounds for relief on appeal raised by the petitioner were without merit), *cert. den'd,* 512 U.S. 1289 (1994); *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989)("The Constitution does not require appellate counsel to raise every non-frivolous ground that might be pressed on appeal")(citation omitted).

7

grounds for relief that he claims should have been included in his appellate brief.[20]

Although Turner alleges that appellate counsel failed to present the strongest issues for appeal and failed to preserve issues for collateral review, he has not alleged any facts in support of this claim. Turner has not alleged what appellate points should have been raised that would have likely caused a different outcome on direct appeal.[21] Having failed to provide such specifics, the ineffective-assistance-on-appeal ground cannot succeed.

Turner next contends that the cumulative impact of multiple deficiencies subjected him to ineffective assistance of counsel. By this claim, Turner appears to be seeking to invoke one of the situations in which the Supreme Court determined that prejudice will be presumed: when counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing."[22] In order to meet this "complete failure" standard, the attorney must be shown to have failed entirely to challenge the prosecution's case, not just individual elements of it.[23] Turner cannot make this

---

[20]*See Russell v. Lynaugh,* 892 F.2d 1205, 1213 (5th Cir.1989)(holding that generalized complaints about the quality of an appellate brief do not satisfy the prejudice prong of the Strickland test), *cert. denied*, 501 U.S. 1259 (1991); *see also Hamilton v. McCotter,* 772 F.2d 171, 182 (5th Cir. 1985).

[21]*See Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir.), *cert. den'd,* 531 U.S. 849 (2000).

[22]*United States v. Cronic,* 466 U.S. 648, at 659-60 (1984)(noting prejudice also presumed when accused is denied counsel at critical stage of trial, or circumstances exist such that likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that prejudice must be presumed).

[23]*Bell v. Cone,* 535 U.S. 685, 697-98 (2002).

8

showing, as review of the record reflects counsel's strenuous efforts on Turner's behalf, including but not limited to: filing a motion to suppress and arguing for suppression at hearing; filing a motion for severance; cross-examination of witnesses at trial; objections to key evidence at trial; filing of objections to the presentence report; and arguing for leniency for Turner at sentencing. (Feb. 2, 2001 Suppression Hearing Transcript; Trial Transcript (Tr.) Vol. 1, at 28-31; 38-39; 45-46; 114-117; 144-160; 203-220; Tr. Vol. 2, at 50-71; Vol. 2 at 21, lines 12-19; 23-25; 32-34; 43-45; December 10, 2001, Sentencing Hearing Transcript at 4-6.) Turner has not shown that a combination of errors amounted to a constructive denial of his right to effective assistance of counsel.

Turner's last ground for ineffective assistance of counsel is the allegation that because counsel owed a duty to persons other than Turner, counsel proceeded under an actual conflict of interest. "Under the Sixth Amendment, if a defendant has a constitutional right to counsel, he also has a corresponding right to representation that is free from any conflict of interest."[24] Such a claim of an actual conflict of interest is properly analyzed under the standard announced in *Cuyler v. Sullivan*, 446 U.S. 335 (1980).[25] In *Cuyler*, the Supreme Court held that to prevail on a claim of ineffective assistance based on counsel's conflict of interest, "a defendant who raised no objection at trial must

---

[24]*United States v. Vaquero*, 997 F.2d 78, 89 (5th Cir.), *citing Wood v. Georgia,* 450 U.S. 261 (1981), *cert. den'd,* 510 U.S. 1016 (1993).

[25]*See United States v. Infante*, 404 F.3d 376, 391 (5th Cir.2005).

9

demonstrate that an actual conflict of interest adversely affected his lawyer's performance."[26] "An 'actual conflict' exists when defense counsel is compelled to compromise his or her duty to loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client."[27] Turner has wholly failed to state any specifics of how counsel was burdened by an actual conflict between Turner's interests and those of any former or current client. He has not even attempted to meet the *Cuyler* presumption-of-prejudice standard. Turner's ineffective-assistance claim based on the alleged actual conflict of interest thus fails.

Turner bases his supplemental claim regarding an alleged unconstitutional increase to his sentence based upon facts not proved to a jury upon the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), *Blakely v. Washington,* 542 U.S. 296 (2004), and *Apprendi v. New Jersey,* 539 U.S. 466 (2000). But the Court of Appeals for the Fifth Circuit has expressly addressed and rejected the argument that *Apprendi, Blakely* or *Booker* apply to cases on collateral review:

> [I]t is clear that Booker has not been made retroactive to cases on collateral review by the Supreme Court. The Supreme Court did not so hold in *Booker*, nor has the Court done so in any case since *Booker*. The same is true with respect to *Apprendi* and *Blakely*. In fact, in *Booker*, the Court expressly held that both the Sixth Amendment holding and its remedial interpretation apply "to all cases on direct review." 125 S.Ct. at 769 (emphasis added). The Court could have, but did not, make any

---

[26]*Cuyler,* 446 U.S. at 348.

[27]*Perillo v. Johnson,* 205 F.3d 775, 781 (5th Cir.2000)(citations omitted).

10

>   reference to cases on collateral review.  In addition, the Supreme Court has not rendered any decision or combination of decisions that, while not expressly making the rule of *Apprendi*, *Blakely* and *Booker* retroactive, "necessarily dictate[s] retroactivity" of that rule. *Tyler*, 533 U.S. at 666, To the contrary, the Supreme Court has strongly suggested that *Apprendi* and, by logical extension, *Blakely* and *Booker* do not apply retroactively on collateral review. See *Schriro v. Summerlin*, 542 U.S. 348(2004).[28]

The Court of Appeals for the Fifth Circuit has also now subjected the *Booker* holding to the *Teague v. Lane,* 489 U.S. 288 (1989) three-part retroactivity analysis, and expressly held that "*Booker* does not apply retroactively on collateral review to an initial 28 U.S.C. § 2255 motion."[29] Thus, Turner's claim based upon *Booker, Blakely,* and *Apprendi* is not cognizable in a motion for collateral relief under § 2255.[30]

*Hearing*

Turner supports his first ineffective-assistance claim, that counsel failed to advise him as to all facts and law relevant to his decision to plead not guilty, with the assertion that counsel also failed to advise him that he could plead guilty with or without a plea agreement, that he could have proceeded to a bench trial on stipulated facts, and that if he entered a timely guilty plea, he could likely obtain a three-point sentence reduction under Sentencing Guideline § 3E1.1 for "acceptance of responsibility."

---

[28]*In re Elwood,* 408 F.3d 211, 213 (5th Cir. 2005)(analyzing whether *Booker* applies for purposes of a successive motion under 28 U.S.C. § 2255).

[29]*United States v. Gentry,* 432 F.3d 600, 601 (5th Cir. 2005).

[30]*See United States v. Edwards,* 442 F.3d 258, 268 (5th Cir.)(defendant's request to amend motion for collateral relief to include *Booker* and *Blakely* claims foreclosed by *Gentry and In re Elwood* decisions), *cert. den'd,* 127 S.Ct. 96 (2006).

Upon review of a motion under 28 U.S.C. § 2255, in the context of a not guilty plea, "an attorney's failure to properly inform his client about his sentencing exposure may constitute ineffective assistance."[31] Turner argues that had he been found eligible for all three points, his sentence exposure would have been 151-188 months, rather than the 210-262 months. A hearing on a claim for relief under § 2255 is required if sufficient facts are alleged to support a claim for relief "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[32] The records of this case do not conclusively show that this claim is without merit, and thus a hearing is required.

Rule 8(c) of the Rules Governing Section 2255 Proceedings provides that if an evidentiary hearing is required, counsel shall be appointed for a movant who qualifies under 18 U.S.C. § 3006A. Based upon Turner's present incarceration, the Court finds that he is financially unable to employ counsel, and that counsel shall be appointed for him under the provisions of 18 U.S.C. §§ 3006A(a)(2)(B), and (b)-(d). The Court therefore finds that Leigh Davis, 800 W. Weatherford, Fort Worth, Texas, 76102 should be appointed to represent Turner.

Therefore, all claims for relief under 28 U.S.C. § 2255, as amended and supplemented [docket nos. 2167, 2192, and 2344], except for the claim 1 (ineffective assistance of counsel based upon the

---

[31] *United States v. Ridgeway,* 321 F.3d 512, 514 (5th Cir. 2003)(citations omited).

[32] *United States v. Martinez,* 181 F.3d 627, 628 (5th Cir. 1999); *see also Streator v. United States,* 367 F.2d 384, 385 (5th Cir. 1966) (citations omitted).

12

alleged failure of counsel to advise Turner as to all facts and law relevant to his decision to plead not guilty) are DENIED.

Turner's claim that his counsel was ineffective based upon the alleged failure of counsel to advise Turner as to all facts and law relevant to his decision to plead not guilty,[33] is set for HEARING at 10:30 a.m. on April 11, 2007.

Attorney Leigh Davis, 800 West Weatherford, Fort Worth, Texas is appointed to represent defendant John Turner at the April 11, 2007, hearing and throughout the remainder of the Court's consideration of Turner's motion under § 2255 until resolution of the remaining claim under § 2255 by further order of this Court.

It is further ORDERED that the government shall prepare the paperwork and writs necessary to have defendant John Turner in attendance at the April 11, 2007, hearing.[34]

SIGNED March 2, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[33] Such haring will include consideration of the specific allegations that counsel failed to advise Turner that he could plead guilty with or without a plea agreement, that he could have proceeded to a bench trial on stipulated facts, and that if he entered a timely guilty plea, he could obtain a three-point sentence reduction under Sentencing Guideline § 3E1.1 for "acceptance of responsibility."

[34] **As of March 2, 2007, it appears John Turner, register number 26394-177 is presently housed at FCI-Fort Worth.** *See* **www.bop.gov (Last visited March 2, 2007).**